## COMMONWEALTH vs. CHARLES GILLAND.

A complaint which avers, in the form prescribed by St. 1855, c. 397, that the defendant " did keep intoxicating liquor with intent to sell the same in this commonwealth, he not being authorized to sell," &c., charges substantially and formally, within the twelfth article of the Declaration of Rights, a keeping of such liquor with intent to sell, in violation of St. 1855, c. 215, § 24.

The St. of 1838, c. 147, § 2, authorizing any police court to appoint a clerk, extends to a police court established since, even if by the act establishing it the clerk's duties are imposed on the justice.

COMPLAINT to the police court of Milford, under St. 1855, c. 215, § 24, averring that the defendant, on the 4th of August 1856, at Milford, " did keep intoxicating liquor with intent to sell the same in this commonwealth, he the said Charles Gilland not being authorized to sell the same in said commonwealth for any purpose under the provisions of" St. 1855, c. 215, " or by any legal authority whatever; against the peace of the Commonwealth, and contrary to the form of the statute in such case made and provided." The copies of papers returned to the court of common pleas were attested " Theodore M. Daggett, Clerk."

In the court of common pleas, the defendant pleaded nolo contendere, and moved in arrest of judgment, " because said complaint is informal, insufficient and fatally defective, in that it contains no allegation that the defendant unlawfully kept the said liquor," and " in that said complaint contains no allegation that said liquors were kept with intent unlawfully to sell the same ; " and because the copies of the papers were not attested by the justice of the police court. Mellen, C. J. overruled the motion, and the defendant alleged exceptions.

D. Foster, for the defendant. 1. The essence of the crime charged consists in keeping intoxicating liquors with the intent to sell them in an illegal manner. But this complaint does not show that the defendant did not design to sell in some legal way, or after having obtained authority. Its only allegations are that the defendant kept; that he intended to sell; that he

was not authorized to sell. The very statute which creates thi offence and enacts the penalty uses the expression " with inten to sell contrary to the provisions of this act." *St.* 1855 *c.* 215, § 24.

The fact that the complaint is in the form prescribed by *St* 1855, *c.* 397, does not make it sufficient, if it has not the cer tainty required at common law. Declaration of Rights, art. 12 *Commonwealth* v. *Davis*, 11 Pick. 432. *Commonwealth* v. *Phil lips*, 16 Pick. 211.

2. By the statute creating the police court of Milford, the duties of clerk are expressly imposed upon the justice. *Sts.* 1854, *c.* 60, § 7 ; 1857, *c.* 264. The *St.* of 1838, *c.* 147, § 2, authorizing " the justice of any police court," except in. Boston, to appoint a clerk, does not apply to police courts since created. *Commonwealth* v. *Brady*, 7 Gray, 320. In order to sustain this complaint, the court must not only hold that the justice could appoint a clerk, but must take notice that he had exercised that power, and had appointed Daggett.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

BY THE COURT. 1. This complaint is in the form prescribed by *St.* 1855, *c.* 397, and sufficiently avers that the defendant kept the liquors with intent to sell them contrary to law, by alleging that the defendant was not authorized to sell them in this commonwealth for any purpose whatever under the statute of 1855, *c.* 215. This excludes any possible legal authority in the defendant to sell liquors in this commonwealth, inasmuch as any authority to sell liquors could be derived only from that statute.

2. The second section of *St.* 1838, *c.* 147, authorizing the justice of " any police court," except in Boston, to appoint a clerk, is a general provision, intended to enable the justices of such courts, then or thereafter to be established, to appoint a clerk whenever the amount of their business should require it

*Exceptions overruled.*